Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co. (2025 NY Slip Op 50836(U))

[*1]

Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co.

2025 NY Slip Op 50836(U)

Decided on May 16, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2023-1091 K C

Burke Physical Therapy, P.C., as Assignee of Brown, Wildex, Appellant, 
against
State Farm Mutual Automobile Ins. Co., Respondent. 

The Rybak Firm, PLLC (Oleg Rybak and Richard Rozhik of counsel), for appellant.
Rivkin Radler, LLP, (Stuart M. Bodoff of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), dated September 8, 2023. The order, insofar as appealed from as limited by the brief, granted defendant's cross-motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by the brief, from so much of an order of the Civil Court (Sandra E. Roper, J.) dated September 8, 2023 as granted defendant's cross-motion for summary judgment dismissing the complaint on the ground that plaintiff had failed to provide requested verification.
Plaintiff argues on appeal that the order, insofar as appealed from, should be reversed and the matter remitted to the Civil Court for consideration of what plaintiff denominated as amended opposition to defendant's cross-motion, which the court declined to consider. The court rejected that submission as an improper sur-reply. In the alternative, plaintiff argues that defendant's cross-motion should be denied.
Contrary to plaintiff's contention, it was not improper for defendant to seek, during the claim verification stage, information—such as management agreements, W-2 forms, business-related bank records and lease agreements—for the purpose of determining whether plaintiff was ineligible to collect no-fault benefits due to a failure to meet licensing requirements (see 11 NYCRR 65-3.16 [a] [1]; State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]; Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co., 85 Misc 3d 130[A], 2025 NY [*2]Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]).
Plaintiff also argues that the instant action cannot be maintained, as collateral estoppel effect should be given to an order of the Supreme Court, Nassau County, denying defendant's motion for summary judgment in a declaratory judgment action brought by defendant in that court. However, the denial of such a motion "has no preclusive effect on this case, as it was not a final determination on the merits" (Burke Physical Therapy, P.C. v State Farm Mut. Auto. Ins. Co., 83 Misc 3d 41, 45 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]).
Furthermore, nothing in the record supports plaintiff's contention that it was improper for the Civil Court to decline to consider plaintiff's amended opposition to defendant's cross motion, nor does plaintiff demonstrate that consideration of the amended opposition would warrant a different outcome.
Plaintiff's remaining contentions lack merit.
Accordingly, the order, insofar as appealed from, is affirmed.
BUGGS, J.P. and QUIÑONES, JJ., concur.
OTTLEY, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2025